IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| SAMKA HOPOVAC, | ) |
| | ) No. 11-2070 |
| Plaintiff, | ) |
| | ) |
| vs. | ) COMPLAINT |
| | ) AND |
| TYSON FRESH MEATS, INC. | ) JURY DEMAND |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Samka Hopovac for her cause of action against Defendant Tyson Fresh Meats, Inc. states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Waterloo, Black Hawk County, Iowa.

2. Defendant is a Delaware corporation with a facility located in Waterloo, Black Hawk County, Iowa.

3. Venue is proper in the United States District Court for the Northern District of Iowa because Defendant has a facility located in Black Hawk County at which Plaintiff worked and the unlawful employment practices were committed.

4. The amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs.

## COMMON FACTUAL ALLEGATIONS

5. Plaintiff began working for Defendant on January 16, 2001.

6. Plaintiff held the position of Membrane Skinner at the Defendant's operation in Waterloo, Iowa.

7. On or about October 2004, Plaintiff sustained an on the job injury while employed by Defendant whereby she sustained injuries to her left shoulder and neck.

8. As a result of Plaintiff's injuries, she filed a workers' compensation claim.

9. Plaintiff continued to experience pain and underwent surgery on her shoulder in May 2007.

10. Plaintiff's physicians placed certain physical restrictions on her before she returned to work in August 2007. Plaintiff was assigned a permanent partial impairment rating in December 2007.

11. Plaintiff informed Defendant of her restrictions and Defendant accommodated the restrictions temporarily, but then began to assign Plaintiff to work in positions that required her to do tasks which were outside of her restrictions.

12. Plaintiff attempted to perform the assigned tasks to the best of her ability, but in 2009 she began to experience severe pain and developed an infection in her injured shoulder due to the work being outside her restrictions.

13. Plaintiff informed Defendant of the pain and notified Defendant that she could not perform certain tasks because they were outside of her work restrictions and requested accommodations for those restrictions. Defendant refused to accommodate plaintiff and sent her back to work in the same position.

14. Defendant denial of Plaintiff's request for accommodation caused further injury and pain to her shoulder making her working conditions so intolerable that she was forced to resign from her job with Defendant on April 12, 2010.

15. Prior to her resignation, Plaintiff filed a complaint with the Waterloo Human Rights Commission alleging, among other claims, disability discrimination.

16. At all times relevant to this action Defendant was an employer within the meaning of Iowa Code Chapter 216 and 42 U.S.C. § 12115.

17. Plaintiff is a qualified individual with a disability under Iowa Code Chapter 216, 42 U.S.C. §§ 12112a and 12118.

## PROCEDURAL REQUIREMENTS

18. Within 180 days of the incident of which she complains, Plaintiff filed charges of employment discrimination against Defendant with the Waterloo Human Rights Commission and the Equal Employment Opportunity Commission.

19. On or about June 14, 2011, Plaintiff received an administrative release from the Iowa Civil Rights Commission.

20. On or about August 10, 2011, less than 90 days prior to the filing of this lawsuit, Plaintiff received a notice of right to sue from the EEOC. Plaintiff brings the present complaint after exhausting her administrative remedies as required by law.

## COUNT I
## RETALITORY CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY

21. Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

22. Plaintiff filed a workers' compensation claim.

23. Following her worker's compensation claim, Defendant made Plaintiff's working conditions intolerable by forcing her to perform work outside her physical restrictions, causing her pain in her injured left shoulder, failing to address her complaints of harassment by co-workers and other actions and inactions..

24. Plaintiff's filing of a workers' compensation claim was a motivating factor in Defendant's actions.

25. A reasonable employee under the same or similar circumstances might well have been dissuaded from filing a workers' compensation claim.

26. Plaintiff's resignation was a reasonably foreseeable result of Defendant's actions.

27. Plaintiff has suffered damages as a proximate result of Defendant's actions.

28. Plaintiff requests damages in an amount to be determined at trial.

WHEREFORE Plaintiff prays for back pay, front pay if applicable, compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, liquidated damages, punitive damages, reasonable attorneys fees and costs incurred in litigation of this matter and for such further relief as the Court deems just and equitable.

## COUNT II
### RETALIATION UNDER THE
### IOWA CIVIL RIGHTS ACT, IOWA CODE CHAPTER 216 and
### AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12203

29. Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

30. The Plaintiff filed a charge alleging disability discrimination

31. Following her charge of discrimination, Defendant made Plaintiff's working conditions intolerable by forcing her to perform work outside her physical restrictions, causing her pain in her injured left shoulder, failing to address her complaints of harassment by co-workers and other actions and inactions.

32. Plaintiff's filing of a discrimination charge was a motivating factor in Defendant's actions and inactions.

33. A reasonable employee under the same or similar circumstances might well have been dissuaded from filing a charge of discrimination.

34. Plaintiff's resignation was a reasonably foreseeable result of Defendant's actions and inactions.

35. Plaintiff has suffered damages as a proximate result of Defendant's actions.

36. Plaintiff requests damages in an amount to be determined at trial.

WHEREFORE Plaintiff prays for back pay, front pay if applicable, compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, liquidated damages, punitive damages, reasonable attorneys fees and costs incurred in litigation of this matter and for such further relief as the Court deems just and equitable.

## COUNT III
### DISABILITY DISCRIMINATION
### IOWA CIVIL RIGHTS ACT, IOWA CODE CHAPTER 216 and
### AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12101-12213

37. Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 36 of the Amended Complaint as if fully set forth herein.

38. Plaintiff suffered on the job injuries resulting in permanent physical restrictions and impairment, which constitute an actual disability.

39. Defendant perceived Plaintiff as a person with a disability.

40. Plaintiff was qualified to perform the essential functions of her position of employment with Defendant.

41. Plaintiff was transferred to different positions which required her to perform tasks that were outside her job restrictions.

42. Plaintiff requested that Defendant accommodate her by transferring her back to a position, which was within her job restrictions. Defendant failed to accommodate Plaintiff.

43. After Plaintiff requested accommodation for her disability, Defendant discriminated against Plaintiff in regards to Plaintiff's terms, conditions and privileges of employment, and retaliating against him for his exercise of protected rights because of her disability by making her working conditions so intolerable that she had no choice but to resign from her job.

44. Defendant's conduct violated Iowa Code Chapter 216, commonly referred to as the Iowa Civil Rights Act and 42 U.S.C. §§ 12101-12213, commonly referred to as the Americans with Disabilities Act of 1990.

45. As a result of Defendant' violations of the Iowa Civil Rights Act and the Americans with Disabilities Act of 1990, Plaintiff has suffered damages that include emotional pain and suffering, loss of enjoyment of life, and lost wages and employment benefits.

WHEREFORE, Plaintiff prays for back pay, front pay if applicable, compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, liquidated damages, punitive damages, reasonable attorneys fees and costs incurred in litigation of this matter and for such further relief as the Court deems just and equitable.

Plaintiff hereby demands a trial by jury for all issues so triable.

SIMMONS PERRINE MOYER BERGMAN PLC

By: /s/ Kevin J. Visser
Kevin J. Visser AT0008101
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Telephone: 319-366-7641
Facsimile: 319-366-1917
E-mail: kvisser@simmonsperrine.com

ATTORNEYS FOR PLAINTIFF