IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| SAMKA HOPOVAC,<br><br>Plaintiff,<br><br>vs.<br><br>TYSON FRESH MEATS, INC.,<br><br>Defendant. | No. C11-2070<br><br>ORDER REGARDING DISCOVERY |

On the 2nd day of January 2013, this matter came on for hearing on the Motion for Extension of Discovery Deadline (docket number 8) filed by the Plaintiff on November 26, 2012, the Motion to Compel Deposition Responses (docket number 13) filed by the Defendant on December 11, the Motion to Compel (docket number 14) filed by the Plaintiff on December 11, and the Motion to Quash Subpoena (docket number 28) filed by the Defendant on December 31. The Plaintiff was represented by her attorney, Kevin J. Visser. The Defendant was represented by its attorney, Espnola F. Cartmill.

The Court will address the motions in the order filed.

## I. HOPOVAC'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE

On November 4, 2011, Plaintiff Samka Hopovac filed a complaint seeking damages from Defendant Tyson Fresh Meats, Inc. for alleged discrimination and retaliation. Tyson filed an answer and affirmative defenses on January 4, 2012. On March 20, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. Among other things, the parties agreed to a November 27, 2012 deadline for completion of discovery.

On November 26 – the day before the discovery deadline – Hopovac filed the instant motion, requesting a 45-day extension of the discovery deadline, through and including January 11, 2013. Hopovac asserts that an extension is required to take the

depositions of Jim Hook and Gerald Moye, to take the deposition of Tyson's expert, and to obtain documents which are the subject of Hopovac's motion to compel. At the time of hearing, Tyson's attorney advised the Court that Tyson does not object to the depositions of Hook and its expert.[1] In addition, the Court does not believe an extension of the discovery deadline is required to enforce an order compelling discovery. Accordingly, the remaining dispute is whether Hopovac should be permitted to take Moye's deposition on January 10 – after the discovery deadline has expired.

In a memorandum filed in support of its motion to quash, Tyson identifies Gerald Moye as a former employee of Tyson. Tyson asserts in the memorandum that Moye was identified as a person with knowledge in Tyson's initial disclosures served on Hopovac on March 26, 2012. According to Tyson's attorney, Moye was also identified in discovery responses served on Hopovac in July 2012. At the time of hearing, Tyson's attorney opined that Moye has little knowledge of these events. Hopovac's attorney thinks that is "bunk," and believes that Tyson is trying to "hide the ball."

For whatever reasons, the parties did not schedule depositions in this case until relatively late in the game. On October 26, 2012, Tyson's attorney wrote to Hopovac's attorney and asked when Hopovac could be deposed. After not receiving a response, Tyson's attorney followed up with another letter on November 5. On November 9, Hopovac's attorney replied with three dates that Hopovac would be available for her deposition, and also stated he would like to take the depositions of Mark McKay, Jim Hook, and Carole Lindecrantz. It is the Court's understanding that the depositions of Hopovac, McKay, and Lindecrantz were taken on November 19 and 20, with the deposition of Hook scheduled on January 10, 2013.[2]

---

[1] The parties have apparently agreed that the deposition of Hook will be taken on January 10, 2013.

[2] Because of Hook's unavailability, the parties mutually agreed to take the
(continued...)

On November 21, Hopovac's attorney wrote to Tyson's attorney asking that Tyson supplement its discovery responses, as detailed in the letter. Hopovac's attorney also stated, for the first time, that he would like to take the deposition of Gerald Moye. As noted by Tyson, the request was made on Wednesday, November 21 – the day before Thanksgiving. The discovery deadline was the following Tuesday, November 27. That is, Hopovac's request was effectively made two business days prior to the expiration of the discovery deadline.

Scheduling orders may be modified only for good cause. FED. R. CIV. P. 16(b)(4). *See also* Local Rule 16.f ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause."). Hopovac fails to show good cause here. Moye was identified as a person having knowledge in Tyson's initial disclosures in March 2012, and apparently identified in answers to interrogatories served in July 2012. Hopovac had ample opportunity to take Moye's deposition prior to the discovery deadline. Hopovac's delay in deciding to take Moye's deposition does not constitute good cause for an extension of the discovery deadline. *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006) ("The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.").

Pursuant to the agreement of the parties, however, the discovery deadline will be extended for the *limited purpose* of taking the depositions of Jim Hook and Tyson's expert witness.

## II. TYSON'S MOTION TO COMPEL DEPOSITION RESPONSES

On November 19, 2012, Tyson took Hopovac's deposition. In response to questioning, Hopovac testified that she told her doctor that her attorney had told her that she "could no longer return to work." Hopovac was then asked "why did [the attorney]

---

[2](...continued)
deposition after the discovery deadline expired.

indicate to you that you could no longer return to work?" Hopovac's attorney objected, citing the attorney/client privilege, and directed Hopovac not to respond. After being shown a copy of the doctor's medical record for January 13, 2011, Hopovac confirmed that she told the doctor that her attorney "had said you may not return to work." Tyson asks that the Court enter an order compelling Hopovac to respond to questions relating to any conversations which she had with her attorney "regarding the subject of returning to work."

It is, of course, hornbook law that conversations between an attorney and his client are privileged. Tyson admits that discussions between Hopovac and her workers' compensation attorney are generally not subject to discovery. Tyson argues, however, that Hopovac waived the privilege by disclosing part of the privileged communication to a third party (*i.e.*, her doctor). *United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998) ("Voluntary disclosure of attorney client communications expressly waives the privilege."). Moreover, Tyson argues the waiver extends to all communications on the same subject matter. *PaineWebber Group, Inc. v. Zinsmeyer Trusts Partnership*, 187 F.3d 988, 992 (8th Cir. 1999) ("The attorney/client privilege is waived by the voluntary disclosure of privileged communications, and courts typically apply such a waiver to all communications on the same subject matter.").

Here, Hopovac's workers' compensation attorney apparently told her that she "could no longer return to work," or that she "may not return to work."[3] By disclosing the fact that her attorney had told her she could not return to work to a third party, Hopovac waived her attorney/client privilege regarding that communication. *Workman*, 138 F.3d at 1263. Accordingly, Hopovac must respond to questions regarding the subject matter of that communication. *PaineWebber*, 187 F.3d at 992. That is, Hopovac must

---

[3] As her attorney noted at the instant hearing, Hopovac was not asked directly whether her attorney actually made those statements. Rather, she was asked whether she *told her doctor* that the attorney made those statements. The Court does not believe the distinction is relevant in determining if Hopovac waived her attorney/client privilege.

4

respond to questions regarding her attorney's statement that she could no longer return to work or may not return to work. Tyson's motion to compel will be granted to that extent.

While the Court has concluded that Hopovac waived any privilege applicable to discussions with her attorney regarding her return to work, the issue is not without doubt. The Court finds that Hopovac's objection at the deposition was "substantially justified" and, therefore, Tyson is not entitled to attorney fees associated with its motion to compel. FED. R. CIV. P. 37(a)(5)(A).

### III. HOPOVAC'S MOTION TO COMPEL

On May 30, 2012, Hopovac served Tyson with interrogatories and a request for production of documents. Among other things, Hopovac asked for information regarding any investigation of Hopovac's complaints (Interrogatory Number 16) and any documents in Hopovac's file (Request Number 1), or which were used to answer the interrogatories (Request Number 29). Tyson served its responses on July 2, 2012. Regarding Interrogatory Number 16, Tyson referred to Hopovac's personnel and health services files, which were produced in response to Request Number 1. Tyson's response to Request Number 29 also referred generally to the documents produced.

According to Hopovac, Tyson produced over 1800 pages of documents in response to Request for Production Number 1. Hopovac complains that the documents were produced "in no cognizable order," and that "after a time and labor intensive review, absolutely no documents relating to any investigation were found."[4] When the deposition of Mark McKay was taken on November 20, 2012, however, Hopovac learned of an investigation conducted by Tyson. On the following day, Hopovac's attorney wrote to Tyson's attorney and asked that Tyson immediately supplement its discovery responses "with information relating to the harassment investigation."[5] Tyson's attorney responded

---

[4] Hopovac's Brief in Support of Motion to Compel (docket number 14-1) at 2.

[5] Letter from Kevin J. Visser to Michael R. Reck, dated November 21, 2012.
(continued...)

5

that "the only claim [Hopovac] ever made was through the administrative process with Waterloo Human Rights Commission, the Iowa Civil Rights Commission and the EEOC. Thus, any investigation would be work product and not discoverable."[6] On November 27, Hopovac asked that Tyson provide a privilege log regarding the disputed documents. The privilege log was produced on November 30. The privilege log is attached to Tyson's resistance as Exhibit A (docket number 23-1).

Tyson asserts that the disputed documents were prepared following a complaint filed by Hopovac with the Waterloo Commission of Human Rights on November 17, 2009. Hopovac's Interrogatory Number 16 asks for information regarding complaints or reports made by Hopovac *to Defendant*. Accordingly, Tyson argues that documents prepared during an investigation of the complaint made to the Human Rights Commission are not responsive to Hopovac's discovery requests. Tyson claims that "[h]ad there been any internal complaint, in all probability it would have been handled locally and Tyson would have produced documents responding to it."[7] Tyson argues that documents generated in response to a formal complaint with the Human Rights Commission are protected by the work product doctrine.

At the time of hearing, the Court agreed to review the documents *in camera*, and they were provided by Tyson at that time. The documents generally fall in three groups: first, there is a memorandum from James Drury, a litigation attorney with Tyson, to Corrine Hogan, a claim examiner, dated August 8, 2006, regarding Hopovac's petition for workers' compensation benefits. Identical memoranda were also directed to Laurene Ericson, a nurse with Tyson, and Jim Hook, a personnel manager at Tyson. The Court

---

[5](...continued)
(Docket Number 14-7).

[6] Letter from Michael R. Reck to Kevin J. Visser, dated November 26, 2012. (Docket Number 14-8)

[7] Tyson's Resistance to Plaintiff's Motion to Compel (docket number 23) at 3.

concludes that the memoranda are protected by the attorney/client privilege and are not discoverable.

The second group are emails exchanged after Hopovac filed a complaint with the Waterloo Human Rights Commission. On November 30, 2009, Gabe Kimbro, an EEO specialist in the employment compliance department at Tyson, sent an email to Rick Nimrick, director of HR operations at Tyson, and Jim Hook, Tyson's HR manager, advising them that a complaint had been filed by Hopovac on November 16, 2009. There were subsequent emails regarding the complaint, as described in the privilege log. The Court concludes that those documents are protected by the work product doctrine. *Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2008).

In the third group are a number of emails sent regarding the need to gather responses to discovery requests. These were sent by Lisa A. Peterson, corporate counsel with Tyson, or Tina Mattison, a legal assistant, and are covered by the attorney/client privilege.

The Court concludes that the documents described in the privilege log and produced to the Court at the time of hearing are protected by the work product doctrine and/or the attorney/client privilege. Accordingly, they need not be produced. The Court notes parenthetically that the documents provided to the Court at the time of hearing are – with the exception of the "time line of events" – simply requests for information or other procedural documents which would seem to have little, if any, probative value. Hopovac's motion to compel will be denied.

## IV. TYSON'S MOTION TO QUASH SUBPOENA

Hopovac has provided Tyson with a notice of her intention to take the deposition Gerald Moye on January 10, 2013. This notice was served on December 18, 2012, three weeks after the expiration of the discovery deadline. Hopovac had notified Tyson of her request to take Moye's deposition just two business days prior to the expiration of the deadline. As set forth above, the Court has denied Hopovac's request to extend the

deadline, except for a limited purpose. Accordingly, the Court finds that the motion to quash subpoena should be granted.

## V. ORDER

IT IS THEREFORE ORDERED as follows:

1. Hopovac's Motion for Extension of Discovery Deadline (docket number 8) is **GRANTED** in part and **DENIED** in part. The discovery deadline is extended for the *limited purpose* of taking the depositions of Jim Hook and Tyson's expert witness.

2. Tyson's Motion to Compel Deposition Responses (docket number 13) is **GRANTED**. Hopovac must respond to questions regarding her attorney's statement that she could no longer return to work or may not return to work.

3. Hopovac's Motion to Compel (docket number 14) is **DENIED**.

4. Tyson's Motion to Quash Subpoena (docket nubmer 28) is **GRANTED**.

DATED this 7th day of January, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA