UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| SAMKA HOPOVAC, | ) |
| Plaintiff, | ) No. C 11cv2070 EJM |
| vs. | ) ORDER |
| TYSON FRESH MEATS, INC, | ) |
| Defendant. | ) |

This matter is before the court on defendant's resisted Motion for Summary Judgment, filed December 21, 2012. Briefing concluded on February 5, 2013. Denied.

Plaintiff, a resident of Black Hawk County, Iowa, brings this action against her former employer, defendant Tyson Fresh Meats, Inc. (Tyson), a Delaware corporation with a meat processing facility in Waterloo, Iowa, seeking damages for retaliatory constructive discharge in violation of public policy (Count 1), retaliation under the Iowa Civil Rights Act (ICRA), IC §216 et seq., and the Americans with Disabilities Act (ADA), 42 USC §12203 (Count 2), and disability discrimination in violation of the ICRA and the ADA (Count 3). The court has jurisdiction pursuant to 28 USC §§1331 and 1367.

Plaintiff claims disability discrimination under both the ADA and the ICRA. Disability claims under the ICRA are typically analyzed in accordance with the ADA, and plaintiff raises no distinction between her claims. They shall be considered together

under the framework of the ADA. <u>Kallail v. Alliant Energy Corporate Services, Inc.</u>, 691 F3d 925, 930 (8th Cir. 2012)

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. <u>Kegal v. Runnels</u>, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. <u>Buford v. Tremayne</u>, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. <u>Id.</u>, (citing Fed. R. Civ. P. 56(e) and <u>Burst v. Adolph Coors Co.</u>, 650 F2d 930, 932 (8th Cir. 1981)).

<u>Green v. St. Louis Housing Authority</u>, 911 F2d 65, 68 (8th Cir. 1990).

The pleadings and discovery show that there are multiple questions of material fact, including; whether plaintiff is disabled; the circumstances of the alleged constructive discharge; whether defendant Tyson intended to terminate plaintiff's employment had she not quit on May 17, 2010; whether plaintiff exhausted her internal remedies; whether Tyson required plaintiff to perform duties beyond her medical restrictions, whether it did so knowingly or not; and most importantly, whether plaintiff was able to perform the essential job functions of her job, with or without an accommodation. An additional question of material fact is what accommodation was appropriate, including whether light duty jobs that were customarily reserved for employees recovering from workplace injuries could have been provided to plaintiff

2

without imposing a burden upon defendant. There are many existing questions of material fact outstanding.

Defendant also contends as a matter of law that plaintiff's claims are barred due to plaintiff's failure to her exhaust administrative remedies. Plaintiff obtained a right to sue letter from the EEOC prior to filing suit, and did ultimately receive a right to sue letter from the ICRC, but not until after she filed suit. This court has held that under similar circumstances, any such procedural defect is cured. Kane v. State of Iowa Dept. of Human Services, 955 F. Supp. 1117 (N.D. Iowa 1997), citing Jones v. American State Bank, 857 F. 2d 494, 499 (8th Cir. 1988.)

It is therefore

ORDERED

Denied.

July 8, 2013.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

3